**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CLARENCE E. SPIVEY** | : | |
| | : | |
| **v.** | : | **C.A. 07-449ML** |
| | : | |
| **A.T. WALL** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S WRIT OF HABEAS CORPUS**

Now comes the State of Rhode Island, by and through its attorneys, and moves to dismiss the instant Habeas Petition.

In support of this motion, the State relies upon the accompanying Memorandum of Law.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn

**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 11th day of January, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Clarence E. Spivey, Pro Se, P.O. Box 8273, Cranston, RI 02920 on the same date.

/s/ Virginia M. McGinn

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CLARENCE E. SPIVEY** | : | |
| | : | |
| **v.** | : | **C.A. 07-449ML** |
| | : | |
| **A.T. WALL** | : | |

**MEMORANDUM IN SUPPORT OF STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S WRIT OF HABEAS CORPUS**

Facts and Travel

Petitioner was originally convicted of kidnapping, rape, and two counts of assault with a dangerous weapon following a jury trial in 1972.[1] He was sentenced to fifty-five years at the Adult Correctional Institutions. He challenged the composition of the jury in his direct appeal to the Rhode Island Supreme Court (RISC). However, the RISC upheld his conviction in 1974. *See* State v. Spivey, 328 A.2d 414 (R.I. 1974)(Attached Hereto as Exhibit B).

Petitioner filed, *pro se*, his first application for Post-Conviction Relief on June 20, 1980. *See* Application for Post Conviction Relief (Attached Hereto as Exhibit C1).

---

[1] In a decision denying Spivey's Rule 35 Motion to Reduce his sentence, the trial justice (Gallant, J., deceased) wrote the following.

> Considering the facts of the Spivey case, an aggravated rape in which the victim was kidnapped at night from a parking lot, dragged several blocks to an empty tenement, beaten, partially stripped, raped, and in the process of being dragged to another location when the police found them, the sentence is not excessive.

Decision of J. Gallant, dated 2/9/76 (Attached Hereto as Exhibit A).

Following that initial filing, Spivey obtained counsel and filed a first amended application on April 20, 1983 (Attached Hereto as Exhibit C2) and a second amended application on May 26, 1984 (Attached Hereto as Exhibit C3). Amongst the issues raised in those petitions was the testimony of former F.B.I. Special Agent Thomas Curran, who resigned from the agency when it was discovered that he had testified regarding results in tests that he had not actually conducted in two other cases. According to the second amended application, a reexamination of the physical evidence revealed the presence of both semen and blood on the jacket worn by defendant and the presence of semen on the pants worn by the victim, whereas the original examination revealed only the presence of semen on defendant's undershirt. *See* Exhibit C3. An evidentiary hearing was held on Spivey's petition on May 13 or 14, 1985, before then Justice Eugene Gallant, who had presided over the trial. The petition was denied on May 14, 1985. No appeal was taken and no federal habeas was filed at that time.

Approximately eight years after the denial of his first post conviction petition, Spivey filed another petition for post conviction relief on August 31, 1993. *See* PM 93-4937A (Attached Hereto as Exhibit D). Following a hearing before then Superior Court Justice Thomas Needham on December 15, 1995, this second petition for post conviction relief was denied for the reasons stated in the state's response, namely since the issues were already raised or could have been raised in the first petition they were procedurally defaulted. *See* "State's Memorandum in Support of its Motion for Summary Judgment", dated 9/25/95 (Attached Hereto as Exhibit E). Spivey appealed that decision to the RISC, which dismissed his appeal in an Order dated November 16, 1999. (Attached Hereto as

Exhibit F). Spivey then filed his first petition for habeas corpus in this Court. *See* Petition, filed 7/17/00, CA 00-349L (Attached Hereto as Exhibit G).

United States Magistrate Judge David L. Martin recommended that Spivey's application for Habeas Corpus be dismissed in a Report and Recommendation dated 11/30/01. (Attached Hereto as Exhibit H). In that Report and Recommendation, Magistrate Judge Martin concurred with the RISC that Spivey had procedurally defaulted his claims and moreover that he had offered no new evidence that would qualify him for an exception that would allow habeas relief in a barred claim.

> Petitioner has provided no new evidence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Schlup v. Delo, 513 U.S. 298, 316, 115 S.Ct. 851, 861, 130 L.Ed.2d 808 (1995). Petitioner's allegations that he is innocent are not enough. See Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997)("Week's bare, conclusory assertion that he is actually innocent is not sufficient to invoke the exception."). While it is true that the allegations regarding Special Agent Curran were not available to Petitioner during his trial, or when he filed his direct appeal, see Supplemental Brief at 4, they certainly were known by the time Petitioner filed, and amended, his initial application for state post-conviction relief, as evidenced by the letter from then F.B.I. Director Clarence M. Kelley to then Rhode Island Attorney General Julius Micaelson regarding Special Agent Curran, see Letter from Kelley to Michaelson of 10/16/75, attached as Ex. to Petition. Moreover, there is no evidence that the serological examinations in the instant case were "erroneous or incomplete." Id.
>
> Even if the defense had been able to attack Special Agent Curran's credibility, "the prosecution had a strong case including two eyewitnesses to the crimes as well as the victim identifying the defendant as being her assailant." Id. Thus, this court is not persuaded that "no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed. 2d 808 (1995); accord Burks v. DuBois, 55 F.3d 712, 718 (1st Cir. 1995)("Because petitioner has not shown that the failure to entertain his constitutional claim more likely than not will result in a fundamental miscarriage of justice, his habeas petition remains a casualty of his procedural default.").

Exhibit H, pp. 22-23.

That Report and Recommendation was accepted by Judge Ronald R. Lagueux and Judgment entered for the defendant on March 29, 2002. *See* "Order" and "Judgment", both dated 3/29/02 (Attached Hereto as Exhibits I 1 and 2). The First Circuit Court of Appeals denied Spivey's request for a Certificate of Appealability on August 21, 2002, and that denial became a mandate on October 7, 2002. *See* Mandate (Attached Hereto as Exhibit J). Over five years later, Spivey filed the instant habeas petition in this Court on November 30, 2007.

<u>Discussion</u>

The petitioner has reasserted the same claims that he made in his original habeas petition filed in this Court in 2000. He once again claims conspiracy and cover-up, largely based on the revelations from 1975, three years after his trial, that one of the F.B.I. agents who testified at his trial later resigned from the agency apparently amongst some scandal. This Court recognized over six years ago, that those allegations were included by Spivey's counsel in a post-conviction petition as far back as May of 1984. And after a hearing before the original trial justice, that claim for post-conviction relief was denied in 1985. As this Court noted in its Report and Recommendation relating to the last habeas petition, despite the agent's issues in two other cases, there was no indication that the serological examinations in the instant case were erroneous or incomplete. Moreover, there were three eyewitnesses to the attack, including the victim herself.

Therefore, the instant petition for habeas should be denied for the same reasons as the last petition. Spivey had procedurally defaulted his claims six years ago and nothing

has changed since that time.[2] There have been no intervening state court proceedings. There is no new evidence that supports petitioner's earlier and current claims. The only thing that has changed since the last petition is that the claims are now based on events relating to a trial that occurred thirty-six years ago and revelations about a witness discovered thirty-three years ago.

Since the material upon which Spivey relies predated his initial habeas petition, he "easily could have presented that evidence in support of a ***timely*** section 2254 petition." McLaughlin v. Moore, 152 F.Supp.2d 123, 128 (D.N.H. 2001)(emphasis in original).

> While it is unclear whether a claim of actual innocence can operate to toll AEDPA's statute of limitations, it is even less clear that such an equitable tolling principle can be invoked by a petitioner who failed to exercise reasonable diligence in pursuing his federal claims.

*Id.*

This bar on second or successive petitions is related to the doctrine of *res judicata*.

> The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court. This exercise advances the cause

---

[2] Spivey defaulted his claims in state court pursuant to R.I.G.L. § 10-9.1-8, entitled "Waiver of or failure to assert claims" which states that "All grounds for relief available to an applicant at the time he or she commences a proceeding under this chapter must be raised in his or her original, or a supplemental or amended, application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief." By the time he filed his first federal habeas petition, all of the issues he raised had been procedurally defaulted in state court.

> of judicial efficiency and further justifies barring [petitioner]'s second petition.

United States v. Barrett, 178 F.3d 34, 47 (1st Cir. 1999).

Additionally, this petition is now time barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a statute of limitations for habeas petitions. *See* 28 U.S.C. §2244 (d), which provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.

Spivey appealed the denial of his second post-conviction to the RISC, which dismissed the matter in an order dated November 16, 1999. *See* Exhibit F. Even if the ninety days for seeking ceriorari to the United States Supreme Court available for direct appeals[3] were also available for post-conviction filings, which is denied, the latest possible date that the state court decision became a final judgment would have been February 16, 2000. Therefore, Spivey had one year or until February 16, 2001 to file a timely habeas petition. While his first habeas petition was filed in a timely manner[4], the instant petition was not filed until on or about November 30, 2007. Therefore the instant petition is untimely by a wide margin and should be dismissed.

---

[3] *See* Carillo v. Rhode Island, 212 F.R.D. 56, 57 (D.R.I. 2000).

[4] "[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. (d)(2). Section 2244 (d) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition." Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

And as stated before, this Court has already addressed Spivey's claims of actual innocence. *See* Exhibit H, pp 22-23. The claims made in the instant habeas petition are the same that have been made for the past twenty years. *See* Exhibits C 1-3. "Petitioner's allegations that he is innocent are not enough." Exhibit H, p. 22. Moreover, even one who may be actually innocent is "constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming: pre-trial motions must be filed on time, timely appeals must be lodged, and habeas claims must conform to AEDPA." David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003).

> There is a strong public interest in the prompt assertion of habeas claims. Normally, the grant of habeas relief leaves the state free to retry the petitioner, but this becomes increasingly hard to do as memories fade, evidence disperses and witnesses disappear. A defendant who could not have filed his petition earlier is at least a sympathetic figure; one who has a known claim, defers presenting it, and then asks to be excused for the delay is unlikely to get cut much slack. A couple of cases have conjectured that actual innocence might override the one-year limit, *e.g. Wyzykowski v. Dept. of Corrections*, 226 F.3d 1213, 1218-19 (11th Cir. 2000); but to us these dicta are in tension with the statute and are not persuasive.

*Id*.

*See also* McLaughlin v. Moore, 152 F.Supp.2d 123, 128 (D.N.H. 2001)("Whether a claim of 'actual innocence' can also serve to avoid AEDPA's statute of limitations is a more cloudy issue that few courts have directly addressed.").

Conclusion

For the foregoing reasons, specifically that this is a second or successive habeas that this Court has already decided was procedurally defaulted and, moreover, that it is now time-barred, the state respectfully requests that petitioner's Petition for Habeas Corpus relief be denied and dismissed.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn

**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 11th day of January, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Clarence E. Spivey, Pro Se, P.O. Box 8273, Cranston, RI 02920 on the same date.

/s/ Virginia M. McGinn