UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CLARENCE E. SPIVEY, : | |
| Petitioner, : | |
| : | |
| v. : | CA 07-449 ML |
| : | |
| ASHBEL T. WALL and : | |
| STATE OF RHODE ISLAND, : | |
| Respondents. : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    This matter is before the Court on the second *pro se* application of Petitioner Clarence E. Spivey ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Document ("Doc.") #1) ("Second Petition"). Respondent State of Rhode Island ("State") has filed a motion to dismiss the Second Petition. See State of Rhode Island's Motion to Dismiss Petitioner's Writ of Habeas Corpus (Doc. #3) ("Motion to Dismiss" or "Motion"). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has determined that no hearing is necessary. For the reasons explained below, I recommend that the Motion to Dismiss be granted and that the Second Petition be dismissed. Alternatively, I recommend that the Second Petition be transferred to the Court of Appeals for the First Circuit.

**Facts and Travel**

    Petitioner was convicted on November 2, 1972, of rape, kidnaping, and assault. See Second Petition at 1. He was sentenced to a total of fifty-five years imprisonment. See id. Petitioner appealed his conviction to the Rhode Island Supreme Court, challenging the procedure involved in the selection of his

jury.[1]  See State v. Spivey, 328 A.2d 414, 415 (R.I. 1974).  The Rhode Island Supreme Court denied his appeal on November 22, 1974.  See id. at 419.

In June of 1980, Petitioner filed an application for post-conviction relief in the Providence County Superior Court.  See Record Appendix to State of Rhode Island's Motion to Dismiss "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" Filed Pursuant to AP 4(b)(1)(C) ("Record Appendix"), Exhibit ("Ex.") C-1.  Petitioner initially listed ten grounds for state post-conviction relief: (1) the exclusion of the college and university academic community from his grand jury selection process; (2) the exclusion of the religious community from his grand jury selection process; (3) the exclusion of the college and university community from his petit jury selection process; (4) the exclusion of the religious community from his petit jury selection process; (5) the exemption of certain classes of people from jury duty under R.I. Gen. Laws § 9-9-3; (6) the exclusion of Petitioner from the courtroom during the testimony of the victim; (7) the exclusion of Petitioner from the courtroom when the jury returned to have certain testimony read back; (8) the exclusion of Petitioner from the courtroom when the jury returned to have additional testimony read back; (9) the judge's charge to the jury; and (10) the imposition of merged sentences.  See id. at 2.  Thereafter, Petitioner amended his application, adding as a ground for relief the allegation that the secret indictments were not properly signed and executed by the grand jury.  See id., Ex. C-2.  He subsequently amended his application again to include allegations regarding the Federal Bureau of Investigation ("FBI") agent who testified at his trial, Thomas N. Curran.  See id., Ex. C-3.  Petitioner's initial

---

[1] Although Petitioner also attempted to challenge the severity of his sentence, the Rhode Island Supreme Court declined to address that issue.  See State v. Spivey, 328 A.2d 414, 415 (R.I. 1974).

application for state post-conviction relief, as amended, was denied. See Second Petition at 3. It does not appear that Petitioner appealed the denial.

Petitioner filed another application for post-conviction relief in the state superior court in 1993. See Record Appendix, Ex. D. As grounds for this second application, Petitioner included: (1) malicious prosecution; (2) deprivation of his constitutional right to a fair trial; (3) denial of due process; and (4) denial of equal protection. See id. at 2. The court denied Petitioner's application and granted the State's motion for summary judgment. See Spivey v. Vose, No. 97-402-Appeal, slip op. at 1 (R.I. Nov. 16, 1999)(unpublished Order denying Petitioner's appeal); Record Appendix, Ex. F at 1 (same). The Rhode Island Supreme Court denied Petitioner's appeal and affirmed the trial justice's decision on November 16, 1999. See id. at 4.

Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("First Petition") in this Court on July 17, 2000. See id., Ex. G at 2. Petitioner raised the following grounds: (1) unsigned, secret indictments; (2) conspiracy and coverup; (3) destruction of the State's trial exhibits and trial transcripts; (4) corruption and coverup; (5) conspiracy and tampering with state exhibits; (6) ineffective assistance of counsel; and (7) corruption and coverup.[2] See id. at 6-7; see also Spivey v. Wall, CA 00-349 L, slip op. at 4 (D.R.I. Nov. 30, 2001)(Report and Recommendation of Martin, M.J.) ("Report and Recommendation of 11/30/01"); Record Appendix, Ex. H at 4 (same). Senior Judge Ronald R. Lagueux accepted and adopted the Report and Recommendation of 11/30/01 on March 29, 2002, see Record

---

[2] Petitioner labeled both his fourth and seventh grounds as "corruption and coverup." Both grounds appeared to be based on the destruction of the trial transcripts and the withdrawal of the trial exhibits. See First Petition.

Appendix, Ex. I-1, and judgment was entered for the defendant that same date, see id., Ex. I-2.  The Court of Appeals for the First Circuit denied Petitioner's request for a certificate of appealability and terminated Petitioner's appeal on October 7, 2002.  See id., Ex. J.

On December 7, 2007, Petitioner filed the instant Second Petition, arguing that he is actually innocent of the crimes for which he was convicted.  See Docket; see also Second Petition at 6; Memorandum and Objection to the State['']s Motion to Dismiss Petitioner's Habeas Corpus ("Objection") at 1.  A week later, the State was directed to respond.  See Docket.  The State filed the Motion to Dismiss on January 11, 2008.  See id.  Thereafter, the Motion to Dismiss was referred to this Magistrate Judge for findings and recommendations.  See id.

## Discussion

> In AEDPA,[3] Congres established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts.  Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 2337, 135 L.Ed.2d 827 (1996); [28 U.S.C.] § 2244(b).  An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A).  The court of appeals then has 30 days to decide whether to grant the authorization to file.  § 2244(b)(3)(D).  A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  § 2244(b)(3)(E).

Stewart v. Martinez-Villareal, 523 U.S. 637, 641, 118 S.Ct. 1618, 1620 (1998); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

---

[3] Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  See Pratt v. United States, 129 F.3d 54, 56 (1st Cir. 1997).

4

court of appeals for an order authorizing the district court to consider the application.");[4] Felker v. Turpin, 518 U.S. at 664,

---

[4] Section 2244 provides in relevant part that:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this subsection.
(c) In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be

116 S.Ct. at 2340 ("The [AEDPA] requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court .... The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"); United States v. Barrett, 178 F.3d 34, 39 (1st Cir. 1999)(noting statutory restrictions on filing of second or successive habeas petitions).  "AEDPA reflects Congress' view that the courts were being too generous with habeas relief and that the whole system needed to be tightened up .... One of AEDPA's main purposes was to compel habeas petitions to be filed

---

> conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence.
> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244.

promptly after conviction and direct review, to limit their number, and to permit delayed or second petitions only in fairly narrow or explicitly defined circumstances." David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003). The State argues that Petitioner's application should be dismissed as a second or successive habeas petition. See Memorandum in Support of State of Rhode Island's Motion to Dismiss Petitioner's Writ of Habeas Corpus ("State's Mem.") at 7. The State additionally contends that the Petition is time-barred. Id.

The docket in the instant matter does not reflect that Petitioner obtained an order authorizing the filing of the instant Second Petition. See Docket. Therefore, this Court lacks jurisdiction over it. Barrett, 178 F.3d at 41; Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).

> AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward. This statutory directive means that a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals.

Pratt, 129 F.3d at 57 (internal citations and footnote omitted).

In his objection to the Motion to Dismiss, Petitioner argues that "[t]his is not a successive habeas petition, but a first time ac[t]ual innocence claim ...." Objection at 22. Although the AEDPA does not define "second or successive," Barrett, 178 F.3d at 42, courts have found circumstances in which numerically second petitions are not considered "second or successive" for AEDPA purposes, see id. at 43. For example, "a numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits." Id. (quoting Pratt, 129 F.3d at 60). In addition, "[a] petition is not 'second or successive'

7

when a state petitioner whose first petition was dismissed for failure to exhaust state remedies brings a new petition based on exhausted claims," id., or "when the claim at issue had been raised in a previous petition but [was] dismissed by the district court as premature and unripe ...," id. at 44 (citing Stewart, 523 U.S. at 643-44, 118 S.Ct. at 1621-22).  Other exceptions include:

> (1) where the earlier petition was rejected for failure to pay the filing fee or for mistakes in form; (2) where the earlier petition was labeled a § 2255 petition but actually was a § 2241 petition challenging the execution rather than the validity of the sentence; and (3) where the second petition challenges parts of the judgment that arose as the result of the success of an earlier petition.

Id. at 43-44 (internal citations omitted).

None of the above exceptions applies to Petitioner here.  He is not challenging a different criminal judgment.  His First Petition was not terminated without a judgment on the merits.  He has not returned to this Court after exhausting his state court remedies.  The claims in his First Petition were not dismissed as unripe.  His First Petition was not rejected for failure to pay the filing fee or for any mistake of form.  He is not contesting the execution, rather than the validity, of his conviction.  He is not bringing a new challenge based on the success of the First Petition.  Accordingly, the Court finds that Petitioner's Second Petition is, in fact, a "second or successive" petition subject to AEDPA's gatekeeping provisions.

The fact that Petitioner claims "actual innocence" does not exempt him from those restrictions.

> Nothing is changed here by [petitioner's] claim of actual innocence ....  In general, defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming: pre-trial motions must be filed on time, timely appeals must be lodged, and **habeas claims**

**must conform to AEDPA.**

David, 318 F.3d at 347 (bold added).[5]  Therefore, Petitioner must make his arguments to the First Circuit before proceeding in this Court (assuming the First Circuit allows him to do so).

In addition, the State argues that the Petition is time-barred.  See State's Mem. at 7.  Petitioner concedes that the Petition was filed "far past the 1-year statute of limitation period ...," Objection at 20, but suggests that "ac[t]ual innocence might over ride the one year limitation ...," id. at 21 (citing Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1218-19 (11th Cir. 2000)).  The First Circuit, however, has observed that "[a] couple of cases have conjectured that actual innocence might override the one-year limit, e.g., Wyzykowski v. Dept. of Corrections, 226 F.3d 1213, 1218-19 (11th Cir. 2000); but to us these dicta are in tension with the statute and are not persuasive."  David, 318 F.3d at 347.  In any event, it is the First Circuit's decision in the first instance whether to allow Petitioner to proceed, not this Court's.

The Court concludes that the Second Petition is a "second or successive" petition within the meaning of the AEDPA.  Accordingly, this Court lacks jurisdiction over it.  I therefore recommend that the Motion to Dismiss be granted and that the Second Petition be dismissed.  Alternatively, I recommend that the Second Petition be transferred to the First Circuit.

---

[5] The First Circuit in David noted that:

> In AEDPA Congress adopted a form of actual innocence test as one component of its threshold requirements for allowing a second or successive habeas petition; but it also provided that this second petition is allowed only where the factual predicate for the claim of constitutional error could not have been discovered previously through the exercise of due diligence.  28 U.S.C. § 2244(b)(2)(B).

David, 318 F.3d at 347 n.5.

**Conclusion**

For the reasons explained above, the Court recommends that the Motion to Dismiss be granted and that the Second Petition be dismissed.  Alternatively, the Court recommends that the Second Petition be transferred to the First Circuit.[6]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Crim. P. 72(b); D.R.I. LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 30, 2008

---

[6] In Barrett, the First Circuit noted that:

> Several circuits have mandated transfer, pursuant to 28 U.S.C. § 1631, rather than dismissal.  See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997)(per curiam); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)(per curiam); Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996)(per curiam).  We have not so mandated, but we note that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues.  See Liriano, 95 F.3d at 122-23.

United States v. Barrett, 178 F.3d 34, 41 n.1 (1st Cir. 1999).